## Application of DREW.

(Court of Appeals of District of Columbia.
Submitted March 13, 1925. Decided
April 6, 1925.)

No. 1735.

1. Patents ⊚≈28—Ornamental design for hunting knife held to present original and ornamental points of substantial improvement, entitling it to patent.

Ornamental design for hunting knife held to present original and ornamental points of substantial improvement, entitling it to patent.

2. Patents ⊚≈104—Serious doubt should be resolved in favor of applicant for patent.

Serious doubt should be resolved in favor of applicant for patent.

Appeal from Commissioner of Patents.

In matter of the application of John E. Drew for patent. From a decision of Commissioner of Patents, denying application, applicant appeals. Reversed.

J. T. Newton, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. [1] The appellant filed an application for a design patent for an "ornamental design for a hunting knife, as shown." The application was rejected by the Acting Examiner, upon the ground that the design was not new and original, in view of several cuts appearing in a certain military shops catalogue of the year 1915. The Examiner held that one of these cuts disclosed a blade and the other a handle almost identically like those appearing in the applicant's drawing, and that these elements had merely been combined by the applicant to form the proposed design, without the exercise of originality and invention. This ruling was sustained upon successive appeals by the Examiners in Chief and the Assistant Commissioner.

It is claimed by the appellant that a "design must be viewed and considered as a whole, and originality and novelty will not be denied it because elements or component parts of the design are old, if as a whole it produces a new and pleasing impression on the æsthetic sense"; also that "a combination of old design elements presenting a new appearance, not a mere sum of old appearances presented by the elements, involves patentable invention." He claims accordingly that his proposed design is a new and original combination of design elements, giving a new and original appearance to a manufactured article, which has enhanced its salable value, and is entitled of right to a design patent as applied for.

We have compared the blade and handle of the applicant's design with the corresponding elements of the references, and we find substantial differences of appearance between them. The blade of the reference presents a concavo-convex appearance for almost its entire length; whereas applicant's blade presents a flat appearance, interrupted only by a relatively small depression. The contrasting blades, moreover, differ in point of configuration. The corresponding handles distinctly differ in their respective lines of ornamentation.

[2] We are of the opinion that the applicant's unitary design is in fact original and ornamental, possessing points of substantial improvement in appearance over the references, as judged by the eye of the average man, and that it exhibits the quality of invention as applicable to the article in question. It is also an established rule that, in case of a serious doubt in the mind of the court, after a careful review of the evidence, the doubt should be resolved in favor of the one seeking a patent.

Upon these considerations, we reverse the decision below.